Daniel H. Brunner
Chapter 13 Trustee
801 W. Riverside, Suite 515
P.O. Box 1513
Spokane, WA 99210-1513
(509)747-8481

The Honorable Frederick P. Corbit

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

LENAHAN, LILLIAN

Debtor(s).

Case No.: 22-00793-FPC13

TRUSTEE'S RESPONSE TO DEBTOR'S OBJECTION TO MOTION TO DISMISS AND MOTION TO EXTEND TIME TO FILE DOCUMENTS

Daniel H. Brunner, Chapter 13 Trustee (the "Trustee"), moved the Court for an order dismissing the above-captioned Chapter 13 bankruptcy of Lillian Lenahan (the "Debtor") for failure to file the required the documents. The objection and motion to extend time to file documents raises additional issues which the Trustee believes supports dismissal in this case.

I. ELIGIBILITY

The petition in this case was filed on August 26, 2022. The petition indicates that the debtor obtained credit counseling. Specifically, the debtor marked the box under Part 5 stating: *"I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate*

TRUSTEE'S RESPONSE TO DEBTOR'S
OBJECTION TO MOTION TO DISMISS AND
MOTION TO EXTEND TIME TO FILE DOCUMENTS - 1

*of completion"*. The time for filing a motion to extend the time for filing documents expired on September 9, 2022. *See,* ECF No. 1, p. 7. The Trustee has reviewed the Court's docket for the Certificate of Credit Counseling and is unable to locate this document. Based upon this omission it does not appear that the debtor has met the eligibility requirements under 11 USC § 109(h).

## II. UNREASONABLE DELAY

The schedules, statements, plan and associated documents were due on or before September 9, 2022. The debtor's first plan payment is due 30 days from the date of the petition filing which was August 26, 2022. Under the debtor's proposal to extend time, the debtor will be delinquent one plan payment (September) at the time the requisite documents are filed and the second payment will be due for October.

Additionally, the debtor is proposing to file the documents three days prior to the Section 341 Meeting of Creditors. This delay does not afford the Trustee nor creditor's an opportunity to meaningfully review the case for eligibility, feasibility and accuracy.

## III. MOTION TO EXTEND

The Motion To Extend Time to File Documents (ECF No. 11), is untimely.

TRUSTEE'S RESPONSE TO DEBTOR'S
OBJECTION TO MOTION TO DISMISS AND
MOTION TO EXTEND TIME TO FILE DOCUMENTS - 2

Pursuant to LBR 1007-1 (a):

> "…*The motion shall be filed with the petition for relief or before the time for filing the schedules and statements or the time for filing a chapter 12 or 13 plan has expired, shall contain a brief statement as to the reason why an extension is required, and a specific date when the required documents will be filed.*"

The motion was due on or before September 9, 2022. Additional deficiencies in the motion include failure to provide notice to the Trustee and the United States Trustee.

## IV. CONCLUSION

The Trustee respectfully requests the Court enter an order dismissing this case under 11 USC § 1307(c).

DATED: 9/19/2022

Daniel H. Brunner
Chapter 13 Trustee

/s/ Mike Todd
Mike Todd, WSBA#26331
Staff Attorney

TRUSTEE'S RESPONSE TO DEBTOR'S
OBJECTION TO MOTION TO DISMISS AND
MOTION TO EXTEND TIME TO FILE DOCUMENTS - 3